# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BELINDA CARLVIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-CV-08386 |
| | ) | |
| v. | ) | Hon. Amy St. Eve |
| | ) | |
| DITECH FINANCIAL LLC and | ) | |
| LANDMARK ASSET RECEIVABLES | ) | |
| MANAGEMENT LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On August 26, 2016, Plaintiff Belinda Carlvin brought the present Complaint against Ditech Financial Services, LLC and Landmark Asset Receivables Management, LLC, collectively "Defendant,"[1] alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), specifically, 15 U.S.C. § 1692e(5) and e(10). Before the Court is Defendant's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendant's motion in part and denies it in part.

## BACKGROUND

Defendant is a Delaware limited liability company that maintains its principal office in Florida. (R. 1, Compl. ¶ 5.) Defendant is registered to do business in Illinois, and its registered agent and office is CT Corporation System, of Chicago, Illinois. (*Id*.) Plaintiff alleges that

---

[1] The Court takes judicial notice of the merger between Landmark Asset Receivables Management LLC and Ditech Financial LLC, effective May 31, 2016. *Ennenga v. Starns*, 677 F.3d 766, 774-75 (7th Cir. 2012) (courts can take judicial notice of public records).

Defendant is a debt collector as defined by the FDCPA, and its business entails the collection of debts originally owed to others using the mails and telephone. (*Id.* ¶¶ 6–9.)

Plaintiff incurred an alleged debt in relation to a home residential mortgage and subsequently went into default. (*Id.* ¶¶ 15-16.) Defendant purchased Plaintiff's debt, and on October 26, 2015, Defendant sent Plaintiff a letter in an attempt to collect the debt. (*Id.* ¶¶ 17–18.) The letter contained information about the debt, including the identity of the creditor and an account number. (*Id*. ¶ 19.) On or about October 27, 2015, Defendant sent Plaintiff another letter conveying information about the debt, including an account number and a current balance. The October 27 letter stated, in part: "Ditech is required to report any debt forgiveness to the Internal Revenue Service. This may result in consequences regarding your federal state or local tax liability." (Compl. ¶ 25; *see also* R.1, Ex. E.) The October 27 letter also stated, "In addition, if you receive public assistance, the forgiveness of debt may affect your eligibility for these benefits." (Compl. ¶ 38; *see also* R.1, Ex. E.) Finally, on or about November 23, 2015, Defendant sent Plaintiff a privacy notice regarding the Plaintiff's debt. (Compl. ¶ 43). The notice conveyed information about the debt, including the identity of the creditor and an account number, and informed Plaintiff that Defendant can share personal information it collects from Plaintiff, including her Social Security number, income, payment history, and credit history. (*Id.* ¶¶ 44, 49; *see also* R.1, Ex. F.) The notice stated that Defendant will share her personal information with "other financial companies," "affiliates," and "non-affiliates." (Compl. ¶ 51; *see also* R.1, Ex. F.)

In her Complaint, Plaintiff asserts three claims. First, Plaintiff alleges that Defendant's October 27 letter violated U.S.C. §§ 1692e(5) and e(10) because it made materially false statements that Defendant reports all balances forgiven to the Internal Revenue Service ("IRS")

and that Defendant would report any debt forgiven to the IRS. (Compl. ¶¶ 64-65.) Second, Plaintiff alleges that the October 27 letter violated U.S.C. § 1692e(5) and e(10) because it attempted to coerce Plaintiff into paying her full debt by claiming that partial debt forgiveness would cause Plaintiff to lose public assistance. (*Id*. ¶ 66.) Third, Plaintiff alleges that Defendant's privacy notice violated U.S.C. §§ 1692e(5) and e(10) by misstating the parties to whom Defendant could disclose Plaintiff's personal information and the protections Plaintiff had against such disclosures. (*Id*. ¶¶ 67-68.)

**LEGAL STANDARD**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). When ruling on motions to dismiss, courts may also consider documents attached to the pleadings without converting the

motion to dismiss into a motion summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); Fed. R. Civ. P. 10(c). Because Plaintiff attaches photocopies of the collection letter and privacy notice to her Complaint and these documents are central to her claim, the Court may consider these attachments in ruling on the present motion.

## ANALYSIS

Section 1692e(5) provides that it is a violation to "threat[en] to take any action that cannot legally be taken or that is not intended to be taken." (15 U.S.C. § 1692e(5).) Under § 1692e(10), it is a violation to use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer." (15 U.S.C. § 1692e(10).)

Under well-settled Seventh Circuit precedent, "[c]laims brought under the Fair Debt Collection Practices Act are evaluated under the objective 'unsophisticated consumer' standard." *Gruber v. Creditors' Prot. Serv., Inc.,* 742 F.3d 271, 273 (7th Cir. 2014); *see also McMahon v. LVNV Funding, LLC,* 744 F.3d 1010, 1019 (7th Cir. 2014) (unsophisticated consumer "standard applies to claims under both § 1692e and § 1692f"). As the Seventh Circuit has explained, "[o]n the one hand, the unsophisticated consumer may be 'uninformed, naive, or trusting,' but on the other hand the unsophisticated consumer does possess[ ] rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence and is capable of making basic logical deductions and inferences." *Gruber,* 742 F.3d at 273–74 (citation and internal quotation marks omitted). The Seventh Circuit, however, has been explicit that "as a matter of law, we shall not entertain a plaintiff's bizarre, peculiar, or

idiosyncratic interpretation" under the unsophisticated consumer standard. *McMillan v. Collection Prof'l Inc.,* 455 F.3d 754, 758 (7th Cir. 2006).

In its motion, Defendant argues that Plaintiff has failed to state a plausible claim that it violated the FDCPA because the statements Defendant made in its October 27 letter were not false or misleading. Defendant also argues that Plaintiff's privacy notice claim fails because Defendant's privacy notice was not sent in connection with any debt. The Court addresses each argument in turn.

## I. Plaintiff's IRS Reporting Claim

Plaintiff alleges that the statement in Defendant's October 27 letter that "Ditech is required to report any debt forgiveness to the Internal Revenue Service" is a violation of § 1692e(5) and e(10) because the statement is "false and deceptive" and "threat[ens] to take an action [Defendant] could not legally take." (Compl. ¶¶ 33-35.) Defendant argues that its statement was not false because had Plaintiff participated in Defendant's payment reduction plan, resulting in Defendant's discharge of $2,500 in debt, Defendant *would* have been required to report that debt forgiveness to the IRS under the applicable regulations.

The law requiring 1099-C filings is codified in the Internal Revenue Code and provides that any applicable entity that discharges (in whole or in part) any person's debt during any calendar year must make a return setting forth certain information about the individual and the discharge, unless the discharge is for less than $600. I.R.C. § 6050P; *see also Velez v. Enhanced Recovery Co., LLC*, No. CV 16-164, 2016 WL 1730721, at *2–3 (E.D. Pa. May 2, 2016). The related IRS regulation explains this requirement in more detail and notes that a discharge of indebtedness is deemed to have occurred "if and only if there has occurred an identifiable event." 26 C.F.R. § 1.6050P-1(a)(1). An "identifiable event" is defined as a "discharge of indebtedness

pursuant to an agreement between an applicable entity and a debtor to discharge indebtedness at less than full consideration." 26 C.F.R. § 1.6050P–1(b)(2)(F). Importantly, the regulation lists certain exceptions to its reporting requirement. These seven exceptions include, bankruptcy discharges, interest discharges, and discharges, "[i]n the case of a lending transaction," of amounts "other than stated principal." 26 C.F.R. § 1.6050P–1(d).

Defendant asserts that its statement, "Ditech is required to report any debt forgiveness to the Internal Revenue Service," is true because it is an accurate description of Defendant's legal requirements since the October 27 letter offered to reduce Plaintiff's balance by $2,500, which is well above the $600 threshold reporting requirement in the IRS regulation. Defendant's statement in the October 27 letter, however, fails to include any reference to the additional exceptions to the reporting requirement in the IRS regulation, such as the exception for discharges of interest and non-principal amounts.

Courts in this district, and in other circuits, have recognized that failing to include reference to exceptions to the IRS reporting rule can make a statement false or misleading under the FDCPA. In *Foster v. Allianceone Receivables Mgmt., Inc.*, No. 15-CV-11108, 2016 WL 1719824, at *2 (N.D. Ill. Apr. 28, 2016), for example, the court found that a collection letter that failed to mention the $600 threshold for the IRS reporting requirement could plausibly have deceived an unsophisticated consumer, especially since the amount of debt at issue was less than $600. Applying the same principle to the other reporting exceptions, in *Kaff v. Nationwide Credit, Inc.*, No. 13-CV-5413, 2015 WL 12660327, at *6 (E.D.N.Y. Mar. 31, 2015), the court denied a creditor's motion to dismiss and held that the creditor's failure to apprise the debtor of the interest and non-principal debt exceptions to the IRS reporting requirement in its collection letter may have falsely represented the law in violation of 15 U.S.C. § 1692e. *See also Velez*,

2016 WL 1730721, at *2–3 (denying motion to dismiss and concluding that failure to include exceptions in collection letter to debtor for whom exceptions may apply was both false and potentially misleading to an unsophisticated debtor); *Wagner v. Client Servs., Inc.*, No. CIV A 08-5546, 2009 WL 839073, at *4 (E.D. Pa. Mar. 26, 2009) (denying motion to dismiss because Defendant failed to show that no excepts applied and that it was required to report debt discharge to IRS as stated in its collection letter).

Here, the parties do not dispute that Defendant's October 27 letter offered to discharge $2,500 in debt, an amount in excess of the $600 reporting threshold. Defendant's statement, however, did not merely omit reference to the $600 threshold, which did not apply, it also failed to mention the other potentially applicable exceptions. Not only did Defendant's statement fail to describe the specific exceptions that might apply, it failed to acknowledge the existence of any exceptions by asserting that Defendant was "*required* to report *any* debt forgiveness." *See Good v. Nationwide Credit, Inc.*, 55 F. Supp. 3d 742, 748 (E.D. Pa. 2014) (analyzing a creditor's statement regarding the IRS reporting requirement and explaining that while every exception need not be listed, the statement should make debtors aware that "potentially applicable exceptions exist"). Viewing the allegations in Plaintiff's complaint in the light most favorable to Plaintiff, Defendant cannot demonstrate that the other exceptions in § 1.6050P–1(d) did not apply, and accordingly, Defendant has not shown that the statement in its October 27 letter was true.[2] Additionally, if one of the exceptions did apply, Defendant would not only not be required

---

[2] Defendant argues in its Reply in Support of its Motion to Dismiss that Plaintiff failed to meet her pleading burden regarding the interest and non-principal exception because Plaintiff did not specifically state in the complaint that the indebtedness Defendant offered to forgive was interest or a non-principal amount. (R. 22, Def.'s Reply in Supp. of Its Mot. to Dismiss, at 2.) Defendant also argues in its Reply that Defendant's failure to include the interest and non-principal exception was immaterial because Defendant's debt reduction offer was for principal. (*Id*.) Defendant's failure to raise these arguments in its opening brief, however, results in a waiver of the arguments. *Luellen v. City of E. Chicago*, 350 F. 3d 604, 612 n. 4 (7th Cir. 2003) (holding that failure to raise argument in opening brief waives argument).

to report Plaintiff's debt discharge to the IRS, it would not be legally permitted to report the debt discharge. Therefore, Defendant has also not shown, at this stage, that reporting Plaintiff's debt discharge to the IRS was an action it was legally permitted to take.

Accepting the Complaint's factual allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff alleges sufficient facts to state a plausible claim that Defendant's statement regarding its IRS reporting requirement was false and might be misleading to an unsophisticated consumer. Plaintiff also alleges sufficient facts to state a plausible claim that Defendant threatened to take an action it was not legally permitted to take. Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's claim regarding Defendant's IRS reporting requirement.

## II. Plaintiff's Public Assistance Claim

Plaintiff also alleges that the statement in Defendant's October 27 letter that "if [Plaintiff] receive[s] public assistance, the forgiveness of debt may affect [Plaintiff's] eligibility for these benefits" is a violation of § 1692e(10) because the statement is "a false and misleading representation." (Compl. ¶ 42.) Defendant argues that this statement is not false or misleading because it is a factual conditional statement—it is true that Plaintiff's public assistance benefits *may* be affected by a debt discharge.

Plaintiff does not dispute that Defendant's statement regarding Plaintiff's public assistance benefits is factually true. Plaintiff's acceptance of debt forgiveness could affect her eligibility for public assistance benefits.[3] Plaintiff instead relies on *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055 (9th Cir. 2011), to argue that, under the FDCPA, a conditional statement, while factually true, can still be misleading if it fails to clarify the circumstances

---

[3] The Court notes that it did not locate and the parties did not identify any case law analyzing statements regarding a debtor's eligibility for public assistance under the FDCPA.

8

under which a consequence may occur. (R. 19, Pl.'s Resp. to Def. Mot. To Dismiss, at 10.) In *Gonzales*, a debt collector stated to a debtor, "if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled." *Id*. at 1062-63. The court held that because there was "no circumstance under which [the defendant] could legally report an obsolete debt to a credit bureau, the implication that [the defendant] could make a positive report in the event of a payment is misleading." *Id*. at 1063. *Gonzales* does not apply here because in that case, the conditional consequences referenced in the defendant's statement were legally impossible. Here, the conditional consequence described in Defendant's letter is not a legal impossibility, and instead is an accurate description of a potential outcome of Plaintiff's acceptance of debt forgiveness.

Other case law is more analogous. In *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012), for example, a letter from the defendant to the plaintiff stated, "[w]e intend to commence legal action against you . . . which could result in a judgment against you." *Id*. at 1026. Applying the unsophisticated debtor standard, the court held that the language in the defendant's letter was not false or misleading and thus did not violate the FDCPA. *Id*. at 1027-28. The court reasoned that the defendant's use of conditional language was "appropriate, accurate, and not misleading" because if defendant commenced a legal action against the plaintiff, that very well could result in a judgment against the plaintiff. *Id*. at 1028. Similarly, in *Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 375 (D. Minn. 2013), the court found that a defendants' statement that the "alternatives available to [the defendants] should [the plaintiff] not clear this obligation may include damage to [the plaintiff's] credit rating or further collection activity" was not false or misleading under the FDCPA. The court

9

emphasized that the defendants' representation was "an accurate statement of the possible outcomes" if the plaintiff failed to address his debt with defendants. *Id*.

Although none of the cases discussed are binding, the Court finds *Hartley* and *Evon* more analogous and persuasive than *Gonzales*. Here, as in *Hartley*, Defendant made "an accurate statement" about a possible outcome resulting from Plaintiff's actions with regard to her debt. Defendant's statement that Plaintiff's debt forgiveness could affect her public assistance benefits was "appropriate, accurate, and not misleading," even to an unsophisticated consumer. Based on the Plaintiff's allegations, the Court cannot draw a reasonable inference that the Defendant's statement was false, misleading, or deceitful. *See Iqbal*, 556 U.S. at 678. The Court therefore grants Defendant's motion to dismiss Plaintiff's claims related to her public assistance benefits.

## III. Plaintiff's Privacy Notice Claim

Finally, Plaintiff alleges that Defendant's privacy notice violated U.S.C. §§ 1692e(5) and e(10) by misstating the parties to whom Defendant could disclose Plaintiff's personal information and the protections Plaintiff had against such disclosures. (Compl. ¶¶ 67-68.) These subsections only apply to communications sent in "in connection with the collection of any debt." 15 U.S.C. § 1692e. Defendant contends that their privacy notice cannot be plausibly considered a communication sent in connection with the collection of any debt.

"Whether a communication was sent 'in connection with' an attempt to collect debt is a question of objective fact." *Ruth v. Triumph P'ships*, 577 F.3d 790, 798 (7th Cir. 2009). The Seventh Circuit has held that the FDCPA "does not apply to every communication between a debt collector and a debtor," but it has not established a "bright-line rule for determining whether a communication from a debt collector was made in connection with the collection of a debt." *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384-85 (7th Cir. 2010). Courts, however,

emphasized that the defendants' representation was "an accurate statement of the possible outcomes" if the plaintiff failed to address his debt with defendants. *Id*.

Although none of the cases discussed are binding, the Court finds *Hartley* and *Evon* more analogous and persuasive than *Gonzales*. Here, as in *Hartley*, Defendant made "an accurate statement" about a possible outcome resulting from Plaintiff's actions with regard to her debt. Defendant's statement that Plaintiff's debt forgiveness could affect her public assistance benefits was "appropriate, accurate, and not misleading," even to an unsophisticated consumer. Based on the Plaintiff's allegations, the Court cannot draw a reasonable inference that the Defendant's statement was false, misleading, or deceitful. *See Iqbal*, 556 U.S. at 678. The Court therefore grants Defendant's motion to dismiss Plaintiff's claims related to her public assistance benefits.

## III. Plaintiff's Privacy Notice Claim

Finally, Plaintiff alleges that Defendant's privacy notice violated U.S.C. §§ 1692e(5) and e(10) by misstating the parties to whom Defendant could disclose Plaintiff's personal information and the protections Plaintiff had against such disclosures. (Compl. ¶¶ 67-68.) These subsections only apply to communications sent in "in connection with the collection of any debt." 15 U.S.C. § 1692e. Defendant contends that their privacy notice cannot be plausibly considered a communication sent in connection with the collection of any debt.

"Whether a communication was sent 'in connection with' an attempt to collect debt is a question of objective fact." *Ruth v. Triumph P'ships*, 577 F.3d 790, 798 (7th Cir. 2009). The Seventh Circuit has held that the FDCPA "does not apply to every communication between a debt collector and a debtor," but it has not established a "bright-line rule for determining whether a communication from a debt collector was made in connection with the collection of a debt." *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384-85 (7th Cir. 2010). Courts, however,

will consider several factors in determining whether a communication was made in connection with the collection of a debt, including whether the debt collector demanded payment in the communication, whether the communication was made to induce the debtor to settle the debt, the relationship between the parties, and the purpose and context of the debt collector's communication. *Id*. at 384-86 (discussing relevant factors).

Applying the *Gburek* factors, courts have concluded that communications that state that they are related to the consumer's debt or come packaged with debt collection letters are communications in connection with the collection of debt under the FDCPA. In *Ruth*, for example, the Seventh Circuit held that a privacy notice sent in the same envelope as a collection letter was sent "in connection" with an attempt to collect debt. 577 F.3d at 798-99. The court emphasized that the only relationship between the debtor and the company arose out of the company's ownership of the plaintiffs' debt and that the notice was sent in the same envelope as the collection letter, which the defendants conceded constituted an attempt to collect debt. *Id*. at 798-99. "The defendants would not have sent this combination of materials to the plaintiffs if they had not been attempting to collect a debt." *Id*. at 599. Similarly, in *Hernandez v. Midland Credit Mgmt., Inc.*, No. 04 C 7844, WL 2874059, at *10 (N.D. Ill. Sept. 25, 2007), the court found that a privacy notice sent by a debt collector was in connection with the collection of debt. The court came to this conclusion because the notice itself stated that the debt collection company was collecting personal information "in connection with collecting on, or servicing, your account," which refuted any argument that the notice was unrelated to debt collection. *Id*. Additionally, as in *Ruth*, the privacy notice was enclosed in an envelope with a collection letter that stated that it was "an attempt to collect a debt" and that "[a]ny information would be used for that purpose." *Id*. As a result, the court held that a reasonable, unsophisticated consumer

would believe that the debt collector might disclose the personal information in the privacy notice in connection with the attempt to collect a debt. *Id*. *See also Matmanivong v. Nat'l Creditors Connection, Inc.*, 79 F. Supp. 3d 864, 876 (N.D. Ill. 2015) (applying *Gburek* factors and finding that communication was in connection with debt collection because debtor's payments were past due and purpose of the communication was to help debtor complete an application allowing him to pay debt).

In contrast, courts have held that communications that have no demand for payment and a purpose that is clearly unrelated to any debt collection effort do not constitute communications in connection with an attempt to collect debt under the FDCPA. In *Bailey v. Security National Servicing Corp.*, 154 F.3d 384, 388-89 (7th Cir. 1998), for example, the Seventh Circuit held that a letter a debt collection company sent to a debtor was not in connection with debt collection even though the letter mentioned potential payment dates and consequences for missing future forbearance payments. The Seventh Circuit reasoned that the letter was not in connection with debt collection because the debtor had not missed any payments on his forbearance agreement and the letter contained only prospective payment dates and did not demand payment. *Id*. Similarly, in *Preuher v. Seterus, LLC*, 2014 WL 7005095, at *2-3 (N.D. Ill. Dec. 11, 2014), the district court granted the defendant's motion to dismiss because a letter advising the debtor of a requirement to get insurance on a mortgage was not sent in connection with an attempt to collect debt. The court emphasized that although the letter mentioned costs associated with purchasing insurance, it did not demand payment. *Id*. at *2. The court also reasoned that the purpose and context of the letter clearly indicated it was not an effort to collect a debt because it did not in any way discuss the balance of the mortgage debt and instead was intended to provide notice to the debtors about potential insurance costs. *Id*. at *3. *See also Thompson v. BAC Home Loans*

*Servicing, L.P.*, No. 2:09 CV 311 TS, 2010 WL 1286747, at *4–5 (N.D. Ind. Mar. 26, 2010) (finding that notice was not a communication in connection with debt collection because it did not address the status of the loan or demand any payment and was merely providing information about the new loan servicer, including its payment address, to help the consumer avoid missing payments).

Applying the *Gburek* factors to this case, it is clear that no reasonable consumer, sophisticated or unsophisticated, would believe the privacy notice was a communication in connection with the collection of a debt. As noted by the Seventh Circuit, "[T]he purpose and context of the communications—viewed objectively—are important factors." *Gburek*, 614 F.3d at 385. Here, the clear purpose of the notice was to inform Plaintiff of Defendant's privacy policy regarding its customers' personal information. Unlike *Ruth* and *Hernandez*, the privacy notice did not come in the same envelope as a debt collection letter, and was instead a completely separate mailing. Looking to the other *Gburek* factors, the notice had no demand for payment and could not be viewed as an attempt to induce Plaintiff to make a payment. (R. 1, Ex. F.) The notice did not contain any reference to "debt," include any reference to the status of Plaintiff's account, ask Plaintiff to make a payment, or even provide the outstanding balance on the alleged debt. (*Id.*) The notice did not even identify Plaintiff as a debtor or Defendant as a debt collector, instead referring to Defendant as a financial company and Plaintiff as a consumer or customer. (*Id.*) The notice did provide Plaintiff with contact information for Defendant and a link to the privacy page on Defendant's website, but this information, when viewed in the context of the privacy notice as a whole, was clearly provided so Plaintiff could find more information about her rights to limit the use of her personal information, and not to induce payment by a debtor. (*Id.*)

The only factor that supports Plaintiff's claim that the notice was sent in connection with a debt collection is the nature of the parties' relationship. The relationship between Plaintiff and Defendant is clearly one of debtor and debt collector. When weighed against the other *Gburek* factors, however, this fact alone is not enough to support the claim that the privacy notice was sent in connection with a debt collection. Every other *Gburek* factor supports the conclusion that the privacy notice was not sent in connection with the collection of a debt. As several courts in his circuit have held, not every communication between a debt collector and a debtor is a communication in connection with the collection of a debt. *See, e.g.*, *Bailey*, 154 F.3d at 388-89 (holding that a letter a debt collection company sent to a debtor was not in connection with debt collection under the FDCPA); *Gburek*, 614 F.3d at 384-85 (The FDCPA "does not apply to every communication between a debt collector and a debtor").

Taking all the *Gburek* factors into account, the Court finds that the privacy notice was not sent in connection with the collection of debt. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See Iqbal*, 556 U.S. at 679. Here, the context and content of the privacy notice support the common-sense conclusion that the notice was sent solely to inform Plaintiff of her privacy rights, and not in connection with an attempt to collect debt. The Court therefore grants Defendant's motion to dismiss Plaintiff's privacy notice claim.

## CONCLUSION

For these reasons, the Court grants Defendant's Rule 12(b)(6) motion to dismiss in part and denies it in part.

**Dated:** February 16, 2017

**ENTERED**

*[signature]*

**AMY J. ST. EVE**
**United States District Court Judge**